# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALICIA BAKER,           )<br>                                 )<br>        Plaintiff,      )<br>                                 )          8:08CV41<br>   vs.                          )<br>                                 )          PROTECTIVE ORDER<br>3M COMPANY,            )<br>                                 )<br>        Defendant.    ) | |

Based on the stipulation (Filing No. 20) of the parties, to facilitate the flow of discovery material, and to protect adequately material entitled to be kept confidential, it is hereby ORDERED:

1. The parties involved in this litigation may designate as "CONFIDENTIAL" any document, testimony, information or material disclosed through formal or informal discovery or otherwise in the course of this litigation in the manner hereinafter set forth in Paragraphs 2, 3, 4 and 5. Such designations shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement and Protective Order.

2. The parties may designate the following categories of documents as confidential: documents regarding non-parties, personnel records, proprietary business information, and trade secret or other confidential research, development, or commercial information pursuant to Federal Rule of Civil Procedure 26(c).

3. Any writing produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by any party stamping or writing the words "CONFIDENTIAL" on the face of the writing.

4. Any party may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or at any time thereafter. Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Clerk of Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to the Protective Order of the Court. These portions shall remain sealed until further order of the Court."  Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this litigation, it shall be so marked and separately filed under seal with the Clerk of Court.

5. Any party may designate as "CONFIDENTIAL" specific responses to interrogatories or to any specific request for admissions by labeling the specific response "CONFIDENTIAL."

6. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Clerk of the Court. The party asserting "CONFIDENTIAL" treatment of any writing, testimony, information or material can waive the requirements of this

Confidentiality Agreement and Protective Order with respect to such writing, testimony, information or material. The party seeking to file such writing, testimony, information or material but avoid the requirement of filing under seal may seek waiver of the filing under seal requirement. The party asserting "CONFIDENTIAL" treatment shall have the right to enforce the filing under seal requirement, but may also waive the filing under seal requirement with respect to any specific writing, testimony, information or material and any waiver will not be deemed a general waiver of the requirements of this Confidentiality Agreement and Protective Order.

    7. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

    (a) Counsel for the respective parties (including house counsel and co-counsel) and employees of said counsel who are assisting in the prosecution or defense of this litigation;

    (b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

    (c)    Parties or officers or employees of the respective parties;

    (d)    Potential witnesses; and

    (e)    The Court or its authorized personnel to receive the information as provided herein.

8.  No party shall, for herself or itself or for any person or persons acting on the party's behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

9.  Except as otherwise provided for in this Protective Order, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

10.  If any party objects to the designation of any document, testimony, information or material as "CONFIDENTIAL," she, or it may inform the other party, by letter, of the documents, testimony, information or material that should not be so treated. The designating party may then, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall be treated as confidential, and the burden is on the designating party. Until the Court enters an order to the contrary, the documents, testimony, information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

11.  Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at trial, it shall meet with counsel for the other parties

hereto in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court.

12. Upon termination of this litigation, plaintiff shall return all copies of 3M "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) to her counsel. Counsel for the parties shall be permitted to retain copies of "CONFIDENTIAL" documents, testimony, information or material in order to ensure that their files are complete.

13. This Protective Order may be modified or amended by agreement of the parties or by further Order of the Court for good cause shown.

**IT IS SO ORDERED.**

**DATED November 12, 2008.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**