IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ALICIA BAKER,** | ) | **CASE NO. 8:08CV41** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| **3M COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant 3M Company's Motion for Summary Judgment (Filing No. 26). The Plaintiff Alicia Baker has not responded. For the reasons set forth below, the Motion will be granted.

## FACTS

Alicia Baker filed this action on January 29, 2008, alleging that she was a temporary worker placed through an agency at 3M Company ("3M") in Valley, Nebraska, and that 3M failed to hire her as its own full-time employee because she is African-American. (Complaint, Filing No. 1, ¶ 6). Her Complaint asserted causes of action under 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981. (*Id*., ¶ 1).

Baker did not respond to 3M's properly documented statement of material facts in its Brief in Support of its Motion for Summary Judgment (Filing No. 27, pp. 2-10). Those undisputed facts, summarized below, are now accepted as true. (*See* NECivR 56.1(b)(1)).

From January 10, 2005, to February 23, 2006, Baker worked for Manpower, a temporary employment agency. During that time, she was placed at 3M's plant in Valley, and she expressed an interest in being hired by 3M. She was among 27 applicants interviewed by 3M in December 2005, but she was not hired.

3M used a scoring system to evaluate job applicants. All other applicants scored higher than Baker on their interviews. Her overall score, which 3M computed by giving weight to matters such as education, work experience, and a written test, was among the four lowest scores of the 27 applicants. Baker also lacked a recommendation from a supervisor, and she had violated several 3M policies and work rules during her placement at 3M. After the interviews and before Baker's assignment at 3M ended in February 2006, 3M hired three employees who had scores substantially higher than Baker's. After Baker's placement at 3M ended, she was no longer considered for employment at 3M.

On May 31, 2006, Baker filed a claim of employment discrimination against 3M. The Nebraska Equal Opportunity Commission investigated her charge and found no reasonable cause to conclude that she had been treated unfairly.

## STANDARD OF REVIEW

In the context of a summary judgment motion, the Court's function is to consider the evidence and determine whether the moving party is entitled to judgment as a matter of law. The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P.

56(e)(emphasis omitted)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id*.

Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim. *Whitley v. Peer Review Sys., Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000). "[T]his Court . . . has noted that 'there is no "discrimination case exception" to the application of Fed.R.Civ.P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial.'" *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)(quoting *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir.1999)).

## DISCUSSION

"To prove a prima facie claim of discrimination, [a plaintiff] must show that (1) she is a member of a protected group; (2) she was qualified and applied for an available position; (3) she was rejected for that position; and (4) employees similarly situated who are not part of the protected group were [hired] instead." *Moore v. Forrest City Sch. Dist.*, 524 F.3d 879, 883 (8th Cir. 2008), citing *Gordon v. Shafer Contracting Co., Inc.*, 469 F.3d 1191, 1196 (8th Cir. 2006). If a plaintiff proves a prima facie claim, "[t]he burden of production then shifts to [the defendant] to present a legitimate reason for the allegedly discriminatory action." *Gordon*, 469 F.3d at 1196, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). If a defendant does so, then the burden shifts back to the plaintiff "to establish that the asserted legitimate reason was merely a pretext for a discriminatory action." *Id*., citing *McDonnell Douglas*, 411 U.S. at 804. "The *McDonnell*

*Douglas* burden-shifting framework governs claims of race discrimination under Title VII and Section 1981." *Id.*, citing *McDonnell Douglas*, 411 U.S. at 802.

Baker has not presented a prima facie case of race discrimination. She has presented no evidence whatsoever. The evidence before the Court indicates that applicants hired by 3M were not similarly situated to Baker. Even if a prima facie case were to be inferred, 3M has presented legitimate, nondiscriminatory reasons for its hiring decisions, and Baker has presented nothing to suggest that 3M's proffered reasons for its actions were a pretext for discrimination.

Accordingly,

IT IS ORDERED:

1. Defendant 3M Company's Motion for Summary Judgment (Filing No. 26) is granted;

2. Defendant 3M Company's Reply Brief (Filing No. 30) is stricken and was not considered;

3. The Plaintiff Alicia Baker's Complaint is dismissed, with prejudice; and

4. A separate Judgment will be entered.

DATED this 24th day of March, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge